UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NAIM HASROUNI<br>c/o his attorneys Tittle & Perlmuter<br>2012 West 25th Street, Ste. 716<br>Cleveland, OH 44113<br><br>On behalf of himself and all others<br>similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>SQE DELIVERY LLC<br>c/o its Statutory Agent<br>Julio Laurent<br>871 Indian Lakes Boulevard<br>Clarksville, Ohio 45113<br><br>and<br><br>JULIO LAURENT<br>871 Indian Lakes Boulevard<br>Clarksville, Ohio 45113<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE<br><br>Magistrate Judge<br><br><br><br><br><br>**PLAINTIFF'S CLASS AND<br>COLLECTIVE ACTION<br>COMPLAINT UNDER THE FAIR<br>LABOR STANDARD ACT AND<br>STATE LAW WITH JURY<br>DEMAND** |

Plaintiff Naim Hasrouni, through counsel, for his Class and Collective Action Complaint against Defendants SQE Delivery, Inc. and Julio Laurent, states and alleges as follows:

## INTRODUCTION

1.     This case challenges pay practices of Defendants by which they willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Constitution art. II, § 34a, the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, and Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15.

2.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join the case pursuant to § 216(b) (the "Potential Opt-Ins").

3.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein (the "Ohio Class"), who assert factually-related claims under Ohio's overtime compensation statute and Prompt Pay Act.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.     This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business within the territorial jurisdiction of this Court. Moreover, as described below, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## PARTIES

7.     Plaintiff Naim Hasrouni is a citizen of the United States and resident of Cuyahoga County, Ohio.

8.     Defendant SQE Delivery, Inc. is an Ohio corporation that conducts business throughout Ohio, including in Cuyahoga County. According to records maintained by the Ohio Secretary of State, SQE Delivery, Inc.'s statutory agent for service of process is Julio Laurent, 871 Indian Lakes Boulevard, Clarksville, Ohio 45113

9.     Defendant Julio Laurent is the owner, operator, and principal manager of Defendant SQE Delivery, Inc.

## FACTUAL ALLEGATIONS

### SQE Delivery, Inc.'s Business and Defendants' Employment of Plaintiff, the Opt-Ins, and Class Members

10.     Defendant SQE Delivery, Inc. is a transportation business that provides delivery services throughout Ohio for its clients. One of SQE Delivery, Inc.'s primary clients is Amazon, for which it provides commercial and residential delivery for Amazon's customers.

11.     Plaintiff, the Potential Opt-Ins who have joined this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class worked for Defendants as hourly, non-exempt transportation drivers for Defendant.

12.     Plaintiff has been employed by Defendants since February 2020 as a delivery driver.

13.     SQE Delivery, Inc.'s local delivery operations are conducted out of Euclid, Ohio, which is where Plaintiff picked up and dropped off his delivery van on a daily

basis, and where SQE Delivery, Inc.'s dispatch staff worked and directed the delivery drivers' daily duties.

### Defendants' Status as "Employers"

14.    Defendant SQE Delivery, Inc. is an "employer" of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members within the meaning of the FLSA, 29 U.S.C. § 203(d).

15.    Defendant Julio Laurent is also an "employer" pursuant to 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D)(2) in that he was a "person [who] act[ed] directly or indirectly in the interest of an employer," Defendant SQE Delivery, Inc., "in relation to employees," including Plaintiff, the Potential Opt-Ins, and the Ohio Class Members. As the owner, operator, and principal manager of SQE Delivery, Inc., and as illustrated in Paragraphs 26 through 30, Defendant Laurent has operational control over significant aspects of the company's operations and day-to-day functions, including the timekeeping practices and compensation of SQE Delivery, Inc.'s employees. Defendant Laurent has himself instituted, or knowingly ratified, the unlawful pay practices of the company described herein.

16.    Department of Labor regulations provide that employees may work simultaneously for two or more joint employers. 29 C.F.R. § 791.2(a). Joint employment occurs when the two employers are "not completely disassociated" from one another. *Id.* Joint employers are "responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions. *Id.*

17.    Defendants were joint employers of Plaintiff, the Potential Opt-Ins, and the Ohio Class Members.

18.     At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

**Defendants' Failed to Pay Employees for All Hours Worked**

19.     The FLSA and Ohio law required Defendants to pay employees for all hours they were "suffer[ed] or … permit[ted] to work." 29 U.S.C. § 203(g); O.R.C. § 4111.03(D)(1).

20.     Plaintiff, the Potential Opt-Ins, and the Ohio Class members were employed by Defendants as transportation drivers.

21.     Defendants' drivers are assigned delivery routes and are typically scheduled to work forty-hour weeks.

22.     Defendants mandate that their drivers to complete their assigned routes each day, regardless of how long it takes to complete the routes. Drivers are routinely disciplined for failing to complete all scheduled deliveries within a workday.

23.     Oftentimes, the demands of the job require that drivers work through their scheduled unpaid lunch and past their regularly scheduled shift in order to complete their assigned routes.

24.     Defendants know that Plaintiff, the Potential Opt-Ins, and the Ohio Class members were unable to complete their assigned routes within the scheduled forty-hours, but nevertheless refuse to pay them for the excess hours they worked to complete their routes.

5

25.     Plaintiff and his co-workers continually make efforts to be paid for all hours they worked to complete their routes but are consistently and uniformly denied. Defendants' administrators and employees communicate through the messaging application Slack, and so drivers' futile efforts to be paid for all hours worked are often recorded in Slack.

26.     For instance, Defendants dictate that drivers' paid shift end, at the latest, at 8:45p, without regard to whether drivers' job duties carry them past that time. If drivers clock out after 8:45p, their clock times are summarily changed by Defendants, and they are accused by Defendant Laurent of "stealing time":



27.     By way of example, the screenshots below depict that, even when Plaintiff Naim Hasrouni apprised Defendants that his time after 8:45p was compensable working time, his request for compensation for that time was simply dismissed:

 **India** 1:21 PM
So you will be compensated for 2.5 hours I am putting them in now.

 **Naim Hasrouni** 1:22 PM
Not correct

I can't work hours and not get paid for them
That's illegal
I was working
Not acceptable

**India** 1:23 PM
Ok what would you like to do? Dispatch is at the station?

 **Naim Hasrouni** 1:23 PM
That's only fair and the law

Get paid for the hours i worked
That's not my fault I was new miscommunication
They can't short me hours i worked
I was delivering packages

 **India** 1:25 PM
You were notified on 3/4 along with all other DA's of the 8:45pm policy return time. Any time before then we were able to give you. I have spoke with @Julio Laurent  @Danielle @Catrina Whitt @Bradley Dunn  chime in guys....

28.     This particular request was escalated Defendant Julio Laurent, SQE Delivery, Inc.'s owner, who also confirmed that Plaintiff would not be paid for the hours he worked because it was Defendants' policy not to pay its drivers past their regularly scheduled shifts:


**Julio Laurent** 1:35 PM
Naim, ill look through each of these days

you are expected to complete your route on time every day

no returns

this doesnt mean you bring back 20+ unattempted packages and stay out until 9-10pm

that means the work was not completed and i will not compensate that

\*   \*   \*


**Julio Laurent** 1:38 PM
you cannot be out making deliveries 9, 10 or anything past 8:45


**Naim Hasrouni** 1:38 PM
Clock in and out is better job being complter som time


**Julio Laurent** 1:38 PM
everything needs to be completed and out of the clock by 8:45


**Naim Hasrouni** 1:38 PM
That was old

Look at the current most recent

Since i was awsare


**Julio Laurent** 1:39 PM
anything outside of that is not compliant with my company policy

29.     This practice is a near everyday occurrence at SQE Delivery, Inc., wherein

Defendants reprimand drivers, threaten their jobs, and flatly refuse to pay for more than

scheduled hours even when drivers are slowed by unavoidable circumstances like heavy

traffic, poor weather conditions, and restroom breaks:



30.     Naim Hasrouni and his co-workers have also protested, to no avail, Defendants' practice of automatically deducting a lunch break on days were such a break was not taken. In the case of Mr. Hasrouni, Defendants' human resources director falsely told him that Ohio law mandates such a break to be deducted for any workday exceeding 5 hours:



31.     As a result of these companywide policies, Defendants did not pay Plaintiff, the Potential Opt-Ins, and the Ohio Class Members for all of the hours they were suffered or permitted to work.  Rather, Defendants expected and required their drivers to perform unpaid work during their scheduled lunch breaks, to work past the end of their paid shifts, and to perform other compensable work off-the-clock.

32.     As a result of practices such as those described and depicted in Paragraphs 21 through 30, Plaintiff, the Potential Opt-Ins, and the Ohio Class Members were deprived of regular and overtime pay earned.

33.     Plaintiff, the Potential Opt-Ins, and the Ohio Class Members frequently worked forty or more hours per workweek, and thus, absent Defendants' failure to pay for all hours worked including by the practices described and depicted in Paragraphs 21

through 30, would have received overtime compensation, or additional overtime compensation.

## The Willfulness of Defendants' Violations

34.     Defendants knew that Plaintiff, the Potential Opt-Ins, and the Ohio Class Members were entitled to compensation for all hours worked and overtime compensation for hours over 40 in a workweek under both federal and state law, or acted in reckless disregard for whether they were so entitled.

35.     Defendants intentionally and willfully circumvented the requirements of the FLSA and state law.  As shown above, Defendants designed drivers' scheduling, timekeeping, and payroll practices in an attempt to reduce employees' paid hours and circumvent federal and state wage-and-hour laws.

## COLLECTIVE ACTION ALLEGATIONS

36.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated. "

38.     The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of:

> All drivers for SQE Delivery, Inc. who worked during the period three years preceding the commencement of this action to the present.

39.     Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were subject to and injured by Defendants' unlawful timekeeping and payroll practices, and all have the same claims against Defendants for unpaid overtime compensation, as well as for liquidated damages, attorneys' fees, and costs.

40.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) was proper and necessary, and all such persons were sent a Court-authorized notice informing them of the pendency of the action and giving them the opportunity to "opt in."

41.     Upon information and belief, the number of similarly-situated persons exceeds 75 persons.

## CLASS ACTION ALLEGATIONS

42.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43.     Plaintiff brings this case on behalf of himself and other members of a proposed Ohio Class, defined as:

> All drivers for SQE Delivery, Inc. who worked during the period three years preceding the commencement of this action to the present.

44.     The Ohio Class is so numerous that joinder of all Class Members is impracticable.  Plaintiff avers, upon information and belief, that the Ohio Class totals in excess of 75 employees of Defendants.  The number of Class Members as well as their identities are ascertainable from records Defendants has maintained, and was required

to maintain, pursuant to the FLSA and Ohio law.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2;

Ohio Const. art. II, § 34a.

45.     Questions of law or fact common to the Ohio Class predominate, including

but not limited to:

> a) Whether Defendants required Plaintiff and other Class Members to perform unpaid work during and at the end of their paid shifts.
>
> b) Whether Defendants knew or should have known that Class Members were working off-the-clock, but still failed to pay them.
>
> c) Whether Defendants violated Ohio law by failing timely to pay Class Members for all hours worked on a semi-monthly basis, and never rectifying that failure to pay in a timely manner.
>
> d) Whether Defendants deprived Plaintiff and other Class Members of overtime compensation at one and one-half times their "regular rate" for hours worked in excess of forty hours in a workweek.

46.     Plaintiff's claims are typical of the claims of other members of the Ohio

Class.  Plaintiff's claims arise out of the same uniform course of conduct by Defendants,

and are based on the same legal theories, as the claims of other Class Members.

47.     Plaintiff will fairly and adequately protect the interests of the Ohio Class.

Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of

other Class Members.  Plaintiff's counsel has broad experience in handling class action

litigation, including wage-and-hour litigation, and are fully qualified to prosecute the

claims of the Ohio Class in this case.

48.     The questions of law or fact that are common to the Ohio Class predominate

over any questions affecting only individual members.  The primary questions that will

determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

49.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.   Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.   Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.   Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(FLSA Overtime Violations)**

50.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51.     Plaintiff bring this claim for violation of the FLSA's overtime provisions on behalf of themselves and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b).  Plaintiff's written consent to be a party to this action pursuant to § 216(b) is filed herewith.

52.     The FLSA required Defendants to pay their non-exempt employees overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek.  29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. 778.117.

53.     Defendants failed to pay overtime compensation to Plaintiff and the Potential Opt-Ins for all hours worked in excess of forty hours in a workweek.  As more fully described above, Defendants, in violation of law, required them to perform unpaid work before the start of their paid shifts and to continue to work past the end of their paid shifts.

54.     By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

55.     As a result of Defendants' violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive minimum wages and overtime compensation due to them pursuant to the FLSA.  Section 216(b) of the FLSA entitles them to an award of unpaid overtime compensation, as well as "an additional equal amount as liquidated damages."  Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

56.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

57.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of himself, the Potential Opt-Ins, and the Ohio Class Members.

58.     At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

59.     Defendants violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay all overtime compensation to its site supervisors and team leaders when due.

60.     Defendants' violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff, the Potential Opt-Ins, and the Ohio Class Members in that they did not receive overtime compensation due to them pursuant to that statute.

61.     Ohio Rev. Code Ann. § 4111.10(A) provides that Defendants, having violated § 4111.03, are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## COUNT THREE
### (Ohio Prompt Pay Act Violations)

62.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

63.     Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

64.     Defendants failed to pay all wages due under Ohio's Prompt Pay Act to Plaintiff and the Ohio Class Members entitles them to the unpaid wages, plus "an amount

equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

<b><u>COUNT FOUR</u></b><br><b>(Ohio Record-Keeping Violations)</b>

65.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

66.     The OMFWA required Defendants to maintain accurate and complete records of employees' time.  Ohio Const. art. II, § 34a.

67.     Defendants violated the OMFWA's record-keeping requirement by failing to maintain accurate and complete records of its site supervisor and team leads' working time.

68.     As a result of Defendants' record-keeping violations, Plaintiff and the Ohio Class Members were injured in that Defendants do not have accurate and complete records of their working hours.

<b><u>PRAYER FOR RELIEF</u></b>

WHEREFORE, Plaintiff respectfully requests that the Court:

A.     Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.     Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.     Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D.     Award compensatory damages to Plaintiff, the Opt-Ins who join

this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount;

E.    Award Plaintiff pre- and post-judgment interest; and

F.    Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

/s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)
2012 West 25th Street, Suite 716
Cleveland, OH  44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com

/s/ Joshua B. Fuchs
Joshua B. Fuchs (0087066)
THE FUCHS FIRM LLC
3961 Silsby Road
University Heights, Ohio 44113
216-505-7500 [phone and fax]
josh@fuchsfirm.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ Scott D. Perlmuter
Scott D. Perlmuter (0082856)