UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NAIM HASROUNI<br>On behalf of himself and all others<br>similarly situated,<br><br>   Plaintiff,<br> v.<br><br>SQE DELIVERY LLC, et al.,<br><br>   Defendants. | CASE NO. 1:20-cv-00897<br><br>JUDGE DAN AARON POLSTER<br><br>**FINAL ORDER APPROVING**<br>**SETTLEMENT** |

THIS CAUSE having come before the court on the Joint Motion for Approval of Settlement, including the Agreement of Settlement and Release ("Settlement") and the Declaration of Scott D. Perlmuter, and due cause appearing therefore, it is hereby ORDERED AND ADJUDGED as follows:

1. On April 24, 2020, Plaintiff Naim Hasrouni initiated this collective action against Defendants as a result of Defendants' alleged practices and policies of not paying their drivers regular and overtime for all of the hours they worked to complete their delivery routes in violation of the Fair Labor Standards Act ("FLSA"), 29 U.SC. 201-219; as well as the Ohio Constitution art. II, §34a; the Ohio overtime compensation statute, Ohio R.C. § 4111.03; and Ohio's Prompt Pay Act, Ohio R.C. § 4113.15. Shortly after the action was initiated, Plaintiff amended his Complaint to include claims of alleged retaliation in violation of the FLSA.

2. Between April 2020 and June 2020, the parties engaged in an informal yet comprehensive exchange of information regarding Plaintiff's claims and Defendants' defenses to such claims. This included time clock records and edit audits, as well as records of driver compensation, for a large portion of Defendants' drivers.

3. The parties stipulated to conditional certification of the matter as an FLSA Collective action pursuant to 29 U.S.C. § 216(b) and issuance of notice to potential opt-ins informing them of their right to join this action by submitting consent forms. As a result of that notice, fifty-eight opt-ins joined this action alongside Plaintiff.

4. Between May 2020 and August 2020, the Parties engaged in extensive settlement negotiations, including discussions between Counsel for the Parties detailing to Parties legal and factual positions.

5. After the opt-in period ended, the parties agreed to participate in mediation. In an effort to reach a compromise and to avoid the expense and burden of continued litigation, the Parties reached an agreement during a January 6, 2021 mediation before Magistrate Judge Thomas M. Parker, on the terms set forth in Exhibit 1 of the Parties' Joint Motion for Approval of Settlement.

6. The Court hereby accepts and approves the proposed settlement and holds that the proposed settlement submitted by the Parties in a fair and reasonable settlement of a bona fide dispute over the provisions of the Fair Labor Standards Act.

7. The Court orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement.

8. The above case is hereby dismissed with prejudice; each party to bear their own attorneys' fees and costs except as otherwise provided by the Settlement. The Court shall retain jurisdiction to enforce the terms of the Settlement.

ORDERED this 9th day of February, 2021.

_____
HONORABLE DAN AARON POLSTER